Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000054
18-APR-2019
08:42 AM

NO. CAAP-16-0000054


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


LAW OFFICES OF GARY Y. SHIGEMURA, a Law Corporation, Plaintiff-
Appellant, v. ARLENE PILIALOHA, Defendant-Appellee,
HAWAII MEDICAL SERVICE ASSOCIATION, Garnishee-Appellee


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CIVIL NO. 1RC14-1-1843)


SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Hiraoka, JJ.)

Plaintiff-Appellant Law Offices of Gary Y. Shigemura, a
Law Corporation (Law Offices), appeals from the March 5, 2015
Order Sanctioning Attorney Gary Y. Shigemura (Shigemura) (Order)
and the April 7, 2015 Judgment Against Plaintiff (Judgment).[1]
entered by the District Court of the First Circuit, Honolulu
Division (District Court)[2] This appeal arises from a debt
collection effort by Law Offices against Defendant-Appellee
Arlene Pilialoha (Pilialoha), and Garnishee-Appellee Hawaii
Medical Service Association (HMSA).

---

[1]     These orders became eligible for appellate review upon the entry
of the District Court's January 22, 2016 post-judgment Order Granting
Garnishee HMSA's Motion to Set Aside Default Judgment, Filed December 15, 2014
and Law Offices' timely filing of its Notice of Appeal filed on January 29,
2016.

[2]     The Honorable Hilary B. Gangnes presided.

On appeal, Law Offices contends that the District Court erred by: (1) failing to find HMSA in contempt of court pursuant Hawaii Revised Statutes (HRS) Chapter 652 (2016); (2) sanctioning Shigemura $500 for a violation of District Court Rules of Civil Procedure (DCRCP) Rule 11; and (3) granting HMSA's Non-Hearing Motion for Attorney's Fees against Law Offices in the reduced amount of $2,500.

After a careful review of the record on appeal and the relevant legal authorities and giving due consideration to the points raised and the arguments made by the parties, we resolve Law Offices' appeal as follows and affirm.

1. We decline to consider Law Offices' point on appeal that the District Court erred by failing to find HMSA in contempt of court pursuant to HRS Chapter 652.[3] Law Offices fails to allege, let alone show, where in the record it asked for such a sanction against HMSA or objected to the lack of such sanction. See n.3, *supra*. "In general, failure to raise or properly reserve issues at the trial level would be deemed waived." Enoka v. AIG Hawaii Ins. Co., 109 Hawaiʻi 537, 546, 128 P.3d 850, 859 (2006) (citation and internal quotation marks omitted); see generally Chung v. McCabe Hamilton & Renny Co., 109 Hawaiʻi 520, 537, 128 P.3d 833, 850 (2006) ("the failure to properly raise an issue at the [circuit] level precludes a party from raising that issue on appeal") (citation and internal quotation marks omitted). As it appears Law Offices makes this argument for the first time on appeal, it is waived.

2. The District Court did not err by sanctioning Shigemura $500 for violating DCRCP Rule 11. Law Offices argues

_____

[3] In conjunction with this argument, Law Offices also argues that the District Court failed to punish HMSA "in any way for contempt of court or violations of HRS § 652." However, Law Offices fails to identify what punishments it advocates and cites broadly to well over 100 pages as documentation of its preservation of this error in its point on appeal. Such non-specific citation to the record violates the spirit, if not the letter of Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4). Therefore, as to its challenge to the District Court's failure to find HMSA in contempt, we decline to address it.

that there was no basis in law or fact for a DCRCP Rule 11 sanction against Shigemura.[4]

> DCRCP Rule 11 provides, in relevant part:
>
>> The signature of an attorney or party constitutes a certificate by the signatory that the signatory has read the pleading, motion, or other paper; that to the best of the signatory's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is not interposed for any improper purpose . . . [i]f a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, **shall** impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

(Emphases added.)   Thus, under DCRCP Rule 11, an attorney must sign and certify that documents presented to the court are factually accurate to the best of the attorney's knowledge, information, and belief formed after reasonable inquiry.  The commentary provides that the purpose of the rule is to provide the district courts with power to sanction attorneys "who are negligent or worse in the filing of documents" and that it "will give the District Courts more flexibility in dealing with errant activity by litigants."  DCRCP Rule 11 cmt (emphasis added).  As such, the rule is meant to provide the court with flexibility in handling attorneys that stray from accepted practice.

---

[4]     Law Offices contends that because HMSA took no position on this point of error in its answering brief the "issue of the Rule 11 Sanctions [sic] is incontroverted [sic] and reversible[.]"  The burden is on the appellant to establish error in the record and if the appellant fails to do so, we need not necessarily consider the arguments, or the lack thereof, of the appellee.

> [T]he burden is on appellant to convince the appellate body that the presumptively correct action of the [trial] court is incorrect. . . .  So great is the burden on appellant to overcome the presumption of correctness that appellee's failure to file an answering brief does not entitle appellant to the relief sought from the appellate court, even though the court may accept appellant's statement of facts as correct.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont De Nemours & Co., 116 Hawaiʻi 277, 309 n.21, 172 P.3d 1021, 1053 n.21 (2007) (quoting Costa v. Sunn, 5 Haw. App. 419, 430, 697 P.2d 43, 50-51 (1985)).  Therefore, Law Offices' apparent argument that a point of error not argued in the answering brief results in reversal is without merit.

In addition, it is well-settled that courts have inherent powers to "curb abuses and promote a fair process" by the imposition of sanctions in the form of attorneys' fees for bad faith. Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 458, 903 P.2d 1273, 1279 (1995) (citation and internal quotation marks omitted).

Here, the District Court concluded that Shigemura acted in bad faith and violated DCRCP Rule 11 by signing documents presented to the court that he knew to be false. The court relied on the following undisputed factual determinations that: (1) an HMSA employee informed Shigemura that a pre-existing garnishment on Pilialoha had priority; (2) HMSA sent the June 4, 2014 follow-up letter confirming the existing garnishment; (3) Shigemura relied on those representations and did not file the orally-granted June 2, 2014 Garnishee Order until mid-October; (4) Shigemura received the October 8, 2014 letter that Pilialoha was no longer employed by HMSA; (5) Shigemura confirmed that Pilialoha was no longer employed by HMSA by telephone; and (6) "Shigemura then acted immediately and intentionally to obtain a judgment against HMSA that he knew was unwarranted based on the information he had at that time." The court found false two (2) declarations signed in support of the Motion for Order to Show Cause on Garnishee where Shigemura "DECLARE[D] UNDER PENALTY OF LAW THAT WHAT I HAVE STATED IS TRUE AND CORRECT[,]" that HMSA "has failed to comply with the [Garnishee Order]. I am informed and believe that Defendant is employed by Garnishees, or Garnishee is in possession of funds belonging to Defendants." "Findings of fact . . . that are not challenged on appeal are binding on the appellate court." Bremer v. Weeks, 104 Hawai'i 43, 63, 85 P.3d 150, 170 (2004) (citation and internal quotation marks omitted). That Shigemura disputes receiving Allyna Lee's phone call and June 4, 2014 letter is irrelevant to Shigemura's declarations, and merely serves to explain the delay.

Law Offices challenges the court's finding that Shigemura was not credible, stating, "[t]he District Court makes numerous references attacking the credibility of SHIGEMURA while believing HMSA wholeheartedly" and makes numerous accusations of

bias on the part of the District Court, but points to no evidence in support of such claims. "An appellate court will not pass upon the trial judge's decisions with respect to the credibility of witnesses and the weight of the evidence because this is the province of the trial judge." See e.g. Porter v. Hu, 116 Hawai'i 42, 59-60, 169 P.3d 994, 1011-12 (App. 2007) (quoting State v. Eastman, 81 Hawai'i 131, 139, 913 P.2d 57, 65 (1996)). Thus, the District Court's unchallenged findings of fact and credibility determinations are binding on this court.

Based on the unchallenged facts as found by the District Court, we find no error in its determination that Shigemura violated DCRCP Rule 11 by submitting signed and certified documents that he knew to be false. The communications with HMSA provided Shigemura with reason to believe that Pilialoha was no longer employed by HMSA, and the pre-existing garnishment would indicate there were no funds being held by HMSA. Shigemura had no reasonable basis to swear "that Defendant is employed by Garnishees, or Garnishee is in possession of funds belonging to Defendants." Therefore, the District Court did not err in finding Shigemura violated DCRCP Rule 11 and sanctioning him for that violation.

3. The District Court did not err by granting [HMSA's] Non-Hearing Motion for Attorneys' Fees and Costs against Law Offices. Law Offices argues that HMSA's attorneys' fees are "outrageous, cumulative, and unsupported in regards to the amount of time spent on one (1) unopposed Motion to Set Aside Default Judgment.[5]

DCRCP Rule 11 provides for "reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee." The District Court also cited its inherent powers to "curb abuses and promote a fair process" by sanctioning parties for actions taken in bad faith. The award of attorneys' fees was based on the bad faith acts of Law Offices' personnel including the DCRCP Rule 11

---

[5] Law Offices reasserts its position that it "never mislead nor withheld any information from the Court" but presents no evidence in support of this position. Having found no error in the District Court's sanction of Shigemura, we need not address this contention again.

5

violation by Shigemura and the November 10, 2014 court appearance by Law Offices' attorney Brice Ueda in support of the Motion for Order to Show Cause on Garnishee, where he made no effort to correct the record. The court determined that Law Offices, as corporate entity, had authorized these bad faith acts. Thus, the District Court had statutory grounds and a factual basis to award attorneys' fees to HMSA.[6]

Law Offices challenges the amount of the fees awarded as being unreasonable, arguing that the motion was unopposed, two (2) experienced HMSA attorneys worked on the matter, the work product was merely a four-page document and the supporting declaration was only two pages, and suggests that HMSA double-billed for the purpose of teaching an inexperienced attorney or harassing Shigemura.[7] HMSA responds that its billing was reasonable considering that it had to unwind the factual situation, and that the two-page invoice provided to the District Court supports its finding of reasonable fees. In addition to preparation and document production, counsel needed to prepare and attend the hearing on HMSA's motion to set aside judgment. The District Court awarded HMSA $2,500 in attorneys' fees, reduced from the $3,328.49 originally sought by HMSA.

"The trial court's grant or denial of attorney's fees and costs is reviewed under the abuse of discretion standard." Sierra Club v. Dep't of Transp., 120 Hawai'i 181, 197, 202 P.3d 1226, 1242 (2009) (citations, internal quotation marks, and brackets omitted). Here, the District Court explained the rationale behind the award of attorneys' fees and the legal basis for that award. Further, the District Court took evidence in the form of a detailed invoice explaining how the time billed by each HMSA attorney was spent on the matter. While not enunciating the basis, the court saw fit to reduce the award of fees to HMSA. The supreme court has held, "the judge is an expert [her]self and knows as well as a legal expert what are reasonable attorney fees, and that the amount of attorney's fees is within the

---

[6]    The District Court denied HMSA's request for costs as no documentation for the same was provided.

[7]    The Miyamoto declaration is three (3) pages.

judicial discretion of the court, and in fixing that amount the trial court may proceed upon its own knowledge of the value of the solicitor's services." <u>Stanford Carr Dev. Corp. v. Unity House, Inc.</u>, 111 Hawai'i 286, 306, 141 P.3d 459, 479 (2006) (modification in original) (quoting <u>In re Thz Fo Farm</u>, 37 Haw. 447, 453 (1947)). Considering the record and applicable standard, we find no abuse of discretion in the District Court's awarding attorneys' fees or in the amount awarded.

For the foregoing reasons, we affirm the District Court of the First Circuit, Honolulu Division's March 5, 2015 Order Sanctioning Attorney Gary Y. Shigemura and April 7, 2015 Judgment Against Plaintiff awarding attorney's fees.

DATED: Honolulu, Hawai'i, April 18, 2019.

On the briefs:

Gary Y. Shigemura and
Brice K. Ueda
for Plaintiff-Appellant.

Chief Judge

Charles A. Price and
Jonathan E. Spiker
(Koshiba Price Gruebner, &
Mau)
for Garnishee-Appellee.

Associate Judge

Associate Judge

7